IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-383-JJF |
| DENNIS L. SMITH, SR., | : |
| Defendant. | : |

Dennis Lee Smith, Selbyville, Delaware.  <u>Pro</u> <u>se</u> Defendant.

**<u>MEMORANDUM OPINION</u>**

July 21, 2009
Wilmington, Delaware

Farnan, District Judge

Defendant Dennis Lee Smith ("Defendant") removed this case from The Family Court of the State of Delaware, in and for Sussex County ("Family Court") on May 29, 2009. (D.I. 1.) He appears pro se. For the reasons discussed below, the Court will summarily remand the case to State Court.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant removed this matter from the Family Court pursuant to 28 U.S.C. § 1443 and § 1446. The Notice Of Removal states that this is a "removal action re: cannot get a fair trial." Defendant alleges that he has been framed by Delaware State Police Officer Jeffery Hudson ("Hudson") in an illegal plot to make Defendant appear guilty. Defendant alleges that Hudson authored a fraudulent written probable cause statement to illegally and unconstitutionally falsely arrest him. Defendant alleges that Denise Dill ("Dill") also created a fraudulent written addendum second report that illegally and unconstitutionally supported Hudson's probable cause statement.

The Notice Of Removal references 42 U.S.C. § 1985(3), 28 U.S.C. § 1343, 28 U.S.C. § 1443(1) and (2), and 42 U.S.C. § 1981(a) and alleges that the "outrageous conduct" of Hudson and Dill was "purported as legal" but "totally unconstitutional" in regards to Defendant receiving a fair trial. It also alleges

there was intentional racial discrimination due to the fact that Defendant always stood up for his constitutional civil rights. Defendant asks the Court to dismiss "this one false charge of this one false arrest based on the attached prima facie evidence."

Family Court documents attached to the Notice of Removal include an Adult Complaint And Warrant charging Defendant with terroristic threatening in violation of 11 Del. C. § 621(a)(1), Case No. 0905000485, and a Notice of Hearing for an arraignment to take place on June 1, 2009, Case No. 0905000485. (D.I. 1, ex. A.) The Court was provided with a number of criminal court dockets, none of them related to Case No. 0905000485.

On June, 2009, Defendant filed a petition for a writ of mandamus in the United States Court of Appeals for the Third Circuit. In re: Dennis L. Smith, No. 09-2823 (3d Cir. June 24, 2009). In denying the writ the Third Circuit stated, "we have no reason to doubt that the District Court will take appropriate action on [the notice of removal]. Certainly Smith has not shown such an entitlement to relief that we would direct the District Court to grant it." Id. at slip op. 4-5.

## II. LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must

have original jurisdiction. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. <u>Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987); <u>Zoren v. Genesis Energy, L.P.</u>, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. <u>Steel Valley Auth.</u>, 809 F.2d at 1010.

### III. REMOVAL

Defendant filed his Notice of Removal asserting a federal question, and seeking removal pursuant to 28 U.S.C. § and 1443 (1) and (2) (i.e., federal question) and § 1446 (i.e., procedure for removal) and 28 U.S.C. § 1343 (i.e., civil rights and elective franchise).

Section 1443 permits removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

equal civil rights of citizens of the United States. . ." 28 U.S.C. § 1443. The Supreme Court articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "'denied or cannot enforce' that right in the courts" of the state. State of Georgia v. Rachel, 384 U.S. 780, 788 (1966); Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997).

Defendant alleges that he cannot get a fair trial in State Court and is a victim of intentional discrimination based upon his race in violation of 42 U.S.C. § 1985(3) and 1981(a). Plaintiff's allegations and his supporting exhibits, however, do not support a claim of racial discrimination or conspiracy. Moreover, many of allegations speak to speculative future racial discrimination. That is, Defendant alleges he cannot receive a fair trial, not that he has not received a fair trial.

Defendant's allegations are insufficient to support an inference of racial discrimination and conspiracy. Nonetheless, even assuming they had, Defendant must show that he will be denied or cannot enforce his rights in the state courts. 28 U.S.C. § 1443(1); Davis v. Glanton, 107 F.3d at 1047 (citing State of Georgia v. Rachel, 384 U.S. at 788. There are no

allegations to suggest that if in fact Defendant's rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights. Therefore, he has not established his entitlement to removal pursuant to § 1443(1). See City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966) (Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied. . . .").

Defendant's second basis for removal under § 1443(2) fares no better. This section pertains to removal by "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," and thus, has no application here. Peacock, 384 U.S. at 824.

Under § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1446(c)(2). A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. 1446(c)(4). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the Court shall make an order for summary remand. Id. Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days

after the arraignment in the State Court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

Plaintiff asks this Court to dismiss the "false charge" of the "false arrest." Section 1446(c)(3) specifically provides that the filing of a petition for removal of a criminal prosecution shall not prevent the state court in which the prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered until the petition is denied. Hence, the statute does not afford Plaintiff the type of relief he seeks. It is clear from the face of the Notice of Removal and the exhibits provided by Plaintiff that removal cannot be permitted. Therefore, the case will be summarily remanded.

## IV. CONCLUSION

For the above reasons the Court will summarily remand the case to The Family Court Of The State Of Delaware, in and for Sussex County.

An appropriate Order will be entered.